1MICHAEL E. KIRBY, Judge.
Plaintiff, Cheryl A. Dupre, appeals a trial court judgment, affirming the decision of the defendant, Louisiana Board of Review (“Board”), denying unemployment compensation benefits to plaintiff. We affirm.
Plaintiff worked for Touro Shakspeare, Inc. (“Touro”) from September 15, 2000 until June 13, 2001, as a Licensed Practical Nurse. In addition to working full-time, plaintiff was enrolled in college. On June 14, 2001, plaintiff submitted a written letter of resignation to Touro.
On June 15, 2001, plaintiff began working as a Licensed Practical Nurse for another company. On June 16, 2001, plaintiff received notice from the Louisiana State Board of Practical Nurse Examiners that her nursing license was suspended. Plaintiffs new employer discharged her due to the license suspension.
Plaintiff filed for unemployment compensation benefits against Touro. Plaintiffs request for benefits was denied by the Louisiana Department of Labor and an appeal was taken. The Administrative Law Judge conducted a hearing on August 14, 2001 and affirmed the denial of benefits, effective June 13, 2001, plaintiffs last date of employment with Touro. The opinion of the Administrative Law Judge states in pertinent part:
RThe facts in this case show that the claimant left her employment voluntarily because she was dissatisfied with the work schedule and her salary. The evidence and testimony presented shows that the claimant’s salary and work schedule remain the same as it was at the time of hire. The claimant worked under customary working conditions and there were no changes made to those conditions during her employment. It is concluded the claimant left her employment for reasons which are personal in nature and not the result of any substantial changes made to the employment by the employer.
An appeal of the Administrative Law Judge’s decision was filed with the Board. The Board upheld the findings and affirmed the decision. A petition for judicial review was filed in the Civil District Court for the Parish of Orleans on September 26, 2001. The trial judge affirmed the denial of benefits and this appeal followed.
In her first assignment of error, plaintiff argues that the trial court erred in its application of the standards of judicial review by not considering the evidence from the transcript of the hearing before the Administrative Law Judge. Plaintiff also contends that the trial court was clearly wrong in its ruling because plaintiff “contradicted testimony from the transcript of hearing before ALJ [Administrative Law Judge] and attempted to offer evidence that [sic] record and was restricted by the trial judge.”
The plaintiff incorrectly states that the standard of review in this matter is the “manifest error” or “clearly wrong” standard. The applicable standard of review in this case is set forth in La. R.S. 23:1634(B), which provides in part:
In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of preview, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such additional or modified find *1137 ings and conclusions, together with a transcript of the additional record.
The record in this case includes the testimony and documentary evidence presented to the Administrative Law Judge. In affirming the Administrative Law Judge’s decision, the Board stated that it did so “after due consideration of the decision and the complete record herein.” The trial court affirmed the Board, stating that it “has reviewed the records filed herein,” and “considered the argument of counsel, the law and the evidence.” Therefore, there is no merit to the plaintiffs contention that the trial court did not consider the testimony and other evidence presented before the Administrative Law Judge.
In the absence of fraud, the findings of fact by the Board are conclusive if supported by sufficient evidence. La. R.S. 23:1634(B); CEG Welding Supply, Inc. v. Moore, 31,167, p. 3 (La.App. 2 Cir. 12/14/98), 723 So.2d 524, 526. Under La. R.S. 23:1634, our review is limited to whether the facts: 1) are supported by the evidence, and 2) whether the facts justify the action taken as a matter of law. Woods v. Cameco Industries, Inc., 2001-0298, p. 7 (La.App. 1 Cir. 3/28/02), 815 So.2d 370, 375.
Plaintiffs testimony before the Administrative Law Judge clearly shows that she quit her employment voluntarily because she was dissatisfied with her work schedule and her salary. Specifically, plaintiff testified that her work schedule and hourly salary were set in the initial hiring agreement and that no changes were made thereto by her employer. Plaintiff further verified the statements made in her letter of resignation, more particularly, that she resigned “due to personal reasons Rand the type of scheduling available which does not accompany every other weekend off.” When specifically asked by the Administrative Law Judge if she left her employment voluntarily, plaintiff responded, “yes”.
In her resignation letter, offered into evidence by plaintiff as Exhibit C-l, plaintiff stated that she was resigning “due to personal reasons and the type of scheduling available which does not accompany every other weekend off.” La. R.S. 23:1601(l)(a), concerning disqualification for benefits, provides:
An individual shall be disqualified for benefits:
(l)(a) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause attributable to a substantial change made to the employment by the employer. Such disqualification shall continue until such time as the claimant can requalify by demonstrating that he:
(ii) Has not left his last work under disqualifying circumstances.
The judgment of the trial court rendered in favor of the Board states:
The evidence in this case is the claimant’s own testimony and her letter of resignation, which is claimant’s exhibit number 1. They both verify the fact that she quit her job for “personal reasons”. R.S. 23:1601(1) defines “good cause” as a quit which is prompted by substantial changes in the working conditions made by the employer.
Clearly the claimant’s “personal reasons” does [sic] not qualify as good cause.
After review of the record, including the testimony and other evidence presented to the Administrative Law Judge, we find that the factual findings set forth in the Administrative Law Judge’s opinion and adopted by the Board are based on sufficient evidence and the action taken is justified as a matter of law. The evidence shows that plaintiff voluntarily resigned *1138 from her employment with | KTouro without good cause. The trial court did not err in affirming the Board’s decision denying benefits to plaintiff.
Plaintiffs argument that the trial court improperly restricted her attempts to offer evidence in that court is without merit because La. R.S. 23:1634(B) does not permit the filing of additional evidence in the trial court. Furthermore, plaintiffs contention that in the appeal of the Board’s decision to the trial court, she contradicted testimony from the transcript of the hearing before the Administrative Law Judge is of no moment. Judicial review of unemployment proceedings does not entail the weighing of evidence, drawing of inferences, re-evaluation of evidence, or substituting the views of the court for those of the board of review as to the correctness of facts. CEG Welding Supply, Inc. v. Moore, supra.
In plaintiffs second assignment of error, she argues that the trial court abused its discretion in relying on an exhibit presented to the Board, when the exhibit failed to include the underlying facts regarding plaintiffs reasons for quitting her job. Specifically, plaintiff argues that exhibit Cl, her resignation letter, does not include all the facts that were presented in plaintiffs testimony before the Administrative Law Judge.
The Administrative Law Judge certainly did not abuse his discretion in considering plaintiffs resignation letter in arriving at his determination that the plaintiff left her employment for reasons that are personal in nature and not because of any substantial changes made to the employment by the employer. Additionally, at the hearing, the Administrative Law Judge questioned plaintiff extensively about the circumstances of her resignation from employment with Touro. Nothing in the plaintiffs testimony supports a finding that her resignation |fiwas due to changes in her working conditions. We find no merit in this assignment of error.
For the reasons stated above, we affirm the judgment of the trial court.
AFFIRMED.